UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-30347
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee

VERSUS

PAUL HARDY,

Defendant-Appellant

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
No. 94-CR-381-2-C

_____

March 28, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In *United States v. Causey*, 185 F.3d 407 (5th Cir. 1999), we remanded this capital case back to the district court for a new penalty trial for the appellant, Paul Hardy ("Hardy"). On remand, Hardy filed motions with the district court to prohibit a

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

resentencing proceeding.  Hardy alleged that a penalty retrial would violate the double jeopardy clause of the Fifth Amendment. He also asserted that the federal district court did not have jurisdiction to convict him for violating 18 U.S.C. §§ 241 and 242. The district court denied both motions.  Hardy now appeals both decisions.

## I.   Appellate Jurisdiction

28 U.S.C. § 1291 gives us jurisdiction to review "final decisions of the district courts." Pretrial orders rejecting claims of former jeopardy are immediately appealable under the "collateral order" exception to the finality requirement and thus satisfy the jurisdictional prerequisites of § 1291.  *Abney v. United States*, 431 U.S. 651, 657 (1977).  Thus, we have jurisdiction to hear Hardy's double jeopardy claim.

We do not have jurisdiction over the "federal jurisdiction" claim, however.  In *Abney*, the Supreme Court stated that appellate courts do not have jurisdiction under 1291 to pass on the merits of other claims asserted in the interlocutory appeal unless those other claims also fall within the collateral order exception to the finality requirement. *Id.* at 663.  To satisfy the collateral order exception, the pretrial order must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from the final judgment.  *U.S. v. Rey*, 641

2

F.2d 222, 224 (5th Cir. 1981), *cert. denied*, 454 U.S. 861 (1981).

In the instant case, Hardy argues that 18 U.S.C. §§ 241 and 242 are either facially unconstitutional or unconstitutional as applied to him because of the Supreme Court's decision in *United States v. Morrison,* 529 U.S. 598 (2000) which struck down Congress' attempt to regulate violent acts by private citizens pursuant to Section 5 of the Fourteenth Amendment. According to Hardy, *Morrison* requires us to reexamine our previous determination, now the law of the case, that the evidence presented during the underlying guilt/innocence trial was sufficient to permit a rationale jury to find that Hardy was acting under color of state law.

Hardy suggests his arguments raise a jurisdictional question. The government contends that these arguments merely go to whether there was sufficient proof to satisfy an element of the crime, an issue we have already decided. Regardless of how the question is framed, this issue is not completely separate from the merits of the action. Perhaps more importantly, it can be easily reviewed after final judgment is entered after the resentencing. Therefore, we will not review Hardy's "federal jurisdiction" claim at this interlocutory stage.

## II. Double Jeopardy

During the first penalty trial, the district court provided the jury with a penalty phase recommendation form which did not

link any possible death recommendation(s) to each individual count in the indictment. Thus, after hearing all the evidence, the jury recommended that Hardy be sentenced to death but could not specify which count or counts Hardy was being put to death for having violated. The district judge then sentenced Hardy to death. On appeal, we reversed Hardy's conviction on the Count 3 witness tampering charge, violation of 18 U.S.C. § 1512(a)(1)(c), because there was no evidence to prove that Groves had complained to federal officers or was killed to prevent her from communicating with federal law enforcement authorities.[1]

The Count 3 reversal rendered the original death penalty sentence problematic to us because the jury recommendation form did not make separate penalty findings as to each count of conviction. In other words, the unusual nature of the jury recommendation form and accompanying death sentence made it "impossible to say that the jury's penalty phase recommendations were not influenced by the fact that Davis and Hardy had received three death eligible convictions, rather than two." Therefore, out of an abundance of caution, we vacated Hardy's sentence and remanded for a new sentencing hearing.

As far as we can tell, Hardy now suggests that this language

---

[1] One of the elements of Count 3 required the government to prove the Defendants, Hardy and Len Davis, killed the victim, Kim Groves, with the intent to prevent her from making a complaint to a federal law enforcement officer.

4

was intended to convey that we had acquitted him of the death penalty. Therefore, subjecting him to a resentencing in which he could again be sentenced to death violates the double jeopardy clause of the Constitution. Hardy misinterprets our previous language and thus does not have a viable argument under Supreme Court precedent.

The Supreme Court has stated that the double jeopardy clause applies to capital sentencing proceedings. *Bullington v. Missouri*, 451 U.S. 430, 446 (1981). However, the Supreme Court has also made clear that the clause is only applicable when either the sentencing judge or the reviewing court "has decided that the prosecution has not proved its case" for the death penalty. *Poland v. Arizona*, 476 U.S. 147, 154 (1986). If neither the sentencing judge or reviewing court has "decided that the prosecution has not proved its case" there is no acquittal and hence the double jeopardy clause does not bar capital resentencing. *Id.*

Here, both the penalty jury and sentencing judge determined that the prosecution had proved that Hardy should be put to death. In our previous opinion, while we held that there was insufficient evidence to convict on Count 3, nowhere did we hold that the prosecution had failed to prove its death penalty case. Indeed, the evidence presented concerning whether Hardy should be put to death easily applies to both Counts 1 and 2 (the counts which were upheld). In our view, noting that the jury's decision to impose

5

death penalty could have been affected by having three death eligible convictions instead of two is a far cry from saying the prosecution failed to prove Hardy should receive the death penalty. Thus, we clarify that we never did and do not now hold that the prosecution failed to prove that Hardy should be put to death. Consequently, Hardy has never been acquitted of the "death penalty" charges. His double jeopardy argument is thus without merit.[2]

## III. CONCLUSION

We are without appellate jurisdiction to consider the district court's ruling concerning Hardy's contention that 18 U.S.C. §§ 241 and 242 are either facially unconstitutional or unconstitutional as applied to him in the context of this case. We affirm the district court's decision on Hardy's "double jeopardy" claim. Therefore, we once again remand this case to the district court so that Hardy can be resentenced.

---

[2] Hardy contends that *Bullington* and *Arizona v. Rumsey*, 467 U.S. 203 (1984) support his argument. They do not. In those cases, the original sentencers imposed life imprisonment, not death, on the two defendants. Thus, the defendants had been acquitted of capital murder. Because they had been acquitted, the double jeopardy clause prevented them from having to withstand a second death penalty sentencing proceeding. In contrast, however, Hardy has not been acquitted of capital murder by the penalty trial jury, sentencing judge, or by this court. Therefore, the double jeopardy clause does not prevent Hardy from having to undergo a second capital sentencing proceeding.